Jason M. Yancey, #11808
HELGESEN, WATERFALL & JONES
ATTORNEYS FOR CLEAR DAY CAPITAL, INC.
1436 SOUTH LEGEND HILLS DRIVE, #110
CLEARFIELD, UT 84015
TELEPHONE: (801) 544-5306
FACSIMILE: (801) 614-0443

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In Re:<br>DAVID H. SAFEER and LISA CLAIRE SAFEER,<br>                               Debtors.<br><br>CLEAR DAY CAPITAL, INC.,<br>                               Plaintiff,<br>V.<br>DAVID H. SAFEER,<br>                               Defendant. | **Bankruptcy Case No. 13-21402**<br>Chapter 7<br>Honorable Joel T. Marker<br><br>[Filed via ECF]<br><br><br>Adversary Proceeding No. _____ |

**COMPLAINT TO DETERMINE DISCHARGEABILITY**

Plaintiff Clear Day Capital, Inc., by and through undersigned counsel, hereby respectfully submits the following Complaint against Defendant, David H. Safeer as follows:

**PARTIES**

1. Plaintiff Clear Day Capital, Inc. ("CDC" or "Plaintiff") is a Utah corporation with its principle place of business in Weber County, State of Utah.

2. Defendant, David H. Safeer ("Safeer" or "Defendant") is an individual residing in Davis County, State of Utah, is the debtor in the above-captioned proceeding, case number 13-21402.

## OBJECTION TO DISCHARGE

3. This is an action under 11 U.S.C.A. § 727(c) and pursuant to 11 U.S.C §523(a)(4) objecting to the discharge of the Defendant debtor.

4. Attorney for Plaintiff has investigated the actions of debtors and being satisfied that the proper grounds exist for denial of the discharge of the debtors, objects to granting of a discharge to the debtors.

## JURISDICTION AND VENUE

5. The court has jurisdiction of this case pursuant to 28 U.S.C.A. § 1334 and is a core proceeding within the meaning of 28 U.S.C. §127(b)(2).

6. Venue is proper in this Court pursuant to 28 U.S.C §1409(a).

## GENERAL ALLEGATIONS

7. At the request of CDC's creditors, the Second District Court, Davis County, Layton Division, Utah entered a judgment placing CDC in receivership and appointing Mr. Dennis Dallinga as Receiver for CDC. *See* Civil Number 120700262 (the "***Receivership Order***"), which matter is being managed by the Honorable Michael G. Allphin.

8. Prior to entry of the Receivership Order, CDC was managed and operated by Messrs. David H. Safeer ("***Safeer***"), Michael Benjamin, and Steven Benjamin, (collectively with Safeer the "***CDC Management***").

9. At all times prior to the Receivership Order,

   a. CDC Management, led by Safeer, managed and controlled every aspect of CDC's operations and business.

   b. Safeer was CDC's President and CEO with total control over day to day operations.

10. At all times prior to the Receivership Order, Safeer owed fiduciary duties to CDC.

11. As part of his role as President and CEO, Safeer had complete control and authority over CDC's resources, accounts, and general business.

12. Upon information and belief, Safeer utilized his control over CDC to misappropriate/embezzle funds from CDC.

13. Upon information and belief, from 2009 through 2011 Safeer fraudulently withdrew approximately $85,100.00 from CDC as "pre-paid Dividends" (the "*Funds*").

14. Upon information and belief, CDC was insolvent at all relevant times.

15. Upon information and belief, Safeer knew, should have known, or acted with reckless disregard for the truth concerning the fact that CDC was insolvent.

16. Upon information and belief, Safeer knew, should have known, or acted with reckless disregard for the truth concerning the fact that Safeer was not entitled to take the Funds.

17. At the time Safeer was confronted with unlawfully removing the Funds in or about late 2011, Safeer executed a promissory note promising to repay CDC the Funds he withdrew plus interest (the "Note").

18. Regardless of the existence of the Note, the source of the debt, which the Note references, is Safeer's defalcation and/or embezzlement of the Funds.

19. Accordingly, regardless of the existence of the Note, the underlying debt falls squarely within the purview of 11 U.S.C §523(a)(4) and remains excepted from discharge.

## FIRST CAUSE OF ACTION
### (Defalcation While Acting In A Fiduciary Capacity Under 11 U.S.C §523(a)(4))

20. Plaintiff incorporates by this reference the allegations in the foregoing paragraphs as if fully set forth herein.

21. At all times relevant hereto, Safeer was the President and CEO of CDC.

22. As President and CEO of CDC, Safeer had an express and statutorily recognized fiduciary relationship with CDC.

23. Safeer was entrusted with the management and safekeeping of CDC's funds.

24. Upon information and belief, Safeer breached his fiduciary duties to CDC by fraudulently removing the Funds from CDC's accounts and intentionally mislabeling such Funds as "pre-paid dividends."

25. Upon information and belief, Safeer further breached his fiduciary duties to CDC by (i) failing to utilize/invest the Funds in the manner in which he was entrusted, i.e., to grow CDC's business and/or pay its debts; and (ii) (2) using the Funds entrusted to him for his own personal purposes/benefit.

26. Safeer's actions and omissions constitute defalcation, in that Safeer misappropriated CDC's Funds.

27. Upon information and belief, Safeer acted with full intent, knowledge, and/or with reckless disregard as to the fact that Safeer was not entitled to the Funds.

28. Upon information and belief, Safeer acted with full intent, knowledge, and/or with reckless disregard as to the fact that labeling the Funds as "pre-paid dividends" would mislead creditors and CDC as well as obscure the reality that Safeer was not entitled to remove such Funds.

29. Safeer utilized his fiduciary status as President and CEO to perpetuate, facilitate and obscure his actions in removing the Funds.

30. Accordingly, Safeer's actions and omissions have damaged and deprived Plaintiff of the Funds, plus any accruing interest, attorney fees, and costs.

31. Plaintiffs' are therefore entitled to relief as set forth below in the Prayer for Relief.

**SECOND CLAIM FOR RELIEF**
**(Embezzlement under 11 U.S.C §523(a)(4))**

32. All foregoing allegations and responses are hereby incorporated as though set forth in full herein.

33. Upon information and belief, Safeer fraudulently appropriated CDC property by taking the Funds and fraudulently claiming that he was entitled to take such Funds as "pre-paid dividends."

34. As the President and CEO of CDC during all relevant times, Safeer was entrusted with the Funds at issue.

35. At no time, however, was Safeer entitled to take and/or use the Funds for his personal use.

36. At all times relevant hereto, the Funds were the property of CDC, not Safeer.

37. Upon information and belief, Safeer misappropriated the Funds by removing the same from CDC's accounts and ostensibly using the same for personal use instead of applying the Funds to grow the business of CDC.

38. Safeer knew or should have known that he was not entitled to the Funds.

39. Upon information and belief, Safeer labeled the Funds as "pre-paid dividends" in an attempt to obscure the fact that Safeer had no right to remove the Funds from CDC's accounts.

40. Upon information and belief, at all relevant times hereto CDC was insolvent within the meaning of the federal bankruptcy law.

41. Therefore, CDC has been harmed by Safeer's actions in embezzling the Funds under the auspices of "pre-paid dividends," and CDC is entitled to a judgment from this Court finding that the Funds are not dischargeable under 11 U.S.C §523(a)(4).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A.      Safeer be denied a discharge as to the Funds together with accruing interest on the same;

B.      For attorney fees and costs as provided by law; and

C.      For such other relief as the Court deems equitable and appropriate.

DATED this 3rd day of June, 2013.

                                                                HELGESEN, WATERFALL & JONES

                                                        _____/s/_____
                                                        Jason M. Yancey
                                                        Attorney for Clear Day Capital, Inc.

**CERTIFICATE OF MAILING**

I hereby certify that a copy of the Complaint To Determine Dischargeability was provided via First Class Mail or ECF to the following and to all parties on ECF transmission:

Chapter 7 Trustee (ECF)

US Trustee (ECF)

David L. Miller
Via (ECF) and US Mail
P.O. Box 9
Farmington, Utah 84025-0009

DATED this 3rd day of June, 2013

_____/s/_____
Jason M. Yancey
Attorney for Clear Day Capital, Inc.